UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-20126-UU

OVIDIU GARBACEA,

      Plaintiff,

v.

CG RYC, LLC, *et al.*,

      Defendants.

_____/

## ORDER

THIS CAUSE is before the Court *sua sponte*.

THE COURT has considered the pertinent portions of the record and is otherwise fully

advised in the premises.

## BACKGROUND

Plaintiff filed this Complaint on January 11, 2017.  D.E. 1.  The Complaint includes five

claims: two under the Fair Labor Standards Act ("FSLA"), and three under state law for breach

of contract, accounting, and unjust enrichment.

## LEGAL STANDARD

In civil actions where district courts have original jurisdiction, 28 U.S.C. § 1367 provides

district courts with supplemental jurisdiction "over all other claims that are so related to claims

in the action within such original jurisdiction that they form part of the same case or controversy

under Article III of the United States Constitution."  However, sub-section (c) of § 1367

provision permits district courts to decline to exercise supplemental jurisdiction if any one of the

following four conditions exists:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The decision to exercise supplemental jurisdiction "is vested in the sound discretion of the district court." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir.2002).

In *United Mine Workers v. Gibbs*, the Supreme Court held that where "the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Gibbs*, 383 U.S. 715, 726 (1966)[1]. Additionally, in *Lindsay v. Gov't Emples. Ins. Co.*, a case involving claims for unpaid overtime under FLSA and a state unpaid overtime statute, the Court of Appeals for the District of Columbia explained that predomination under § 1367(c)(2) relates to the type of claim. *Linsday*, 448 F.3d 416, 425 (D.C. Cir. 2006). The *Linsday* court further determined that where the state law claims essentially replicate the FLSA claims, the state law claims do not predominate. *Id*. However, federal courts have not hesitated to dismiss or remand state causes of action under §1367(c)(2) where the state claims would require "elements of proof that are distinct and foreign to [the federal] claim," and which would therefore "cause a substantial expansion of [the] action beyond that necessary and relevant to the federal claim." *James v. Sun Glass Hut of California*, 799 F. Supp. 1083, 1085 (D. Colo. 1992); *Council of Unit Owners of the WISP Condominium, Inc. v. Recreational Indus.*,

---

[1] The Eleventh Circuit Court of Appeals requires "district courts in removal cases [to] remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction*." Myers v. Cent. Florida Investments, Inc.*, 592 F.3d 1201, 1226 (11th Cir. 2010).

*Inc*., 793 F. Supp. 120, 123 (D. Md. 1992); *Green v. Zendrian*, 916 F. Supp. 493, 498 (D. Md. 1996).

## ANALYSIS

Here, Plaintiff's state-law claim involves elements of proof distinct from the federal claims.  *See Green*, 916 F. Supp. at 498.   Furthermore, a trial of these claims would revolve predominantly around questions of state law and factual questions that are distinct in scope from the issue of compliance with the federal minimum wage.  *See Gold v. Local 7 United Food & Commer. Workers Union*, 159 F.3d 1307, 1310-1311 (10th Cir. 1998) (declining to exercise supplemental jurisdiction where factual questions raised in state claims are predominantly distinct in scope from federal issue).  Further,, Plaintiff's state-law claims entail elements and defenses that require proof of facts that are wholly distinct from the dispute over proper compensation that is the crux of Plaintiff's FLSA claims.  Accordingly it is hereby,

ORDERED AND ADJUDGED that Counts III, IV, and V, is DISMISSED WITHOUT PREJUDICE.

DONE AND ORDERED in Chambers at Miami, Florida, this 12th day of January, 2018.

_____
UNITED STATES DISTRICT JUDGE

Copies to: counsel of record