UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-20126-CIV-UNGARO/O'SULLIVAN

OVIDIU GARBACEA,

      Plaintiff,

v.

CG RYC, LLC, CG MIAMI RIVER LLC,
FOOD AND LEVERAGE, LLC,
STEPHANE DUPOUX, and
MEYER CHETRIT,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Defendants' Amended Motion for Sanctions (DE# 27, 4/3/18),[1] which contains a request for hearing and evidentiary hearing (DE# 32, 4/20/18). This matter was referred to the undersigned by the Honorable Ursula Ungaro (DE# 26, 4/3/18). Having carefully considered the motion, Zarco Einhorn Salkowski & Brtio, P.A.'s Memorandum in Opposition to Defendants' Amended Motion for Sanctions (DE# 29, 4/19/18) ("Response"), the Defendants' Reply to Memorandum in Opposition to Amended Motion for Sanctions, Request for Hearing and Request for Evidentiary Hearing (DE# 31, 4/20/18), the court file and the applicable law, the undersigned recommends that the Defendants' Amended Motion for Sanctions (DE# 27, 4/3/18) and the request for hearing (DE# 32, 4/20/18) be **DENIED**.

---

[1]The Court denied as moot the Defendants' Motion for Sanctions (DE# 25, 4/2/18) after the defendants filed Defendants' Amended Motion for Sanctions (DE# 27, 4/3/18).

## BACKGROUND

The Complaint (DE# 1, 1/11/18) in this action was filed in this Court after the Court *sua sponte* severed the plaintiff from a Complaint that was removed from state court.[2]  The Complaint asserted two federal claims and three state law claims: Count I for failure to pay minimum wage; Count II for failure to pay overtime wage compensation; Count III breach of contract; Count IV accounting and Count V unjust enrichment.  As in *Bodan*,[3] the Court *sua sponte* declined to exercise supplemental jurisdiction over the state law claims that involved elements of proof that were distinct from the federal claims and involved questions of state law and factual questions unlike those relevant to the issue of compliance with the Fair Labor Standards Act. Order (DE# 5, 1/12/18). The defendants filed a motion to dismiss the Complaint.  Motion to Dismiss Plaintiff's Complaint (DE# 19, 3/16/18).  Four days later, on March 20, 2018, the Court granted the Motion to Dismiss Plaintiff's Complaint without prejudice and

---

[2]The plaintiff, Ovidiu Garbacea, was one of twelve plaintiffs who were included in a  Complaint that was removed from state court and alleged five claims: two under the Fair Labor Standards Act ("FLSA") for minimum wage and overtime violations, and three under state law for breach of contract, accounting, and unjust enrichment. See *Nancy Bodan, et al.  v. CG RYC, LLC, et al.*, Case No. 17-cv-24530-UU ("*Bodan*"). After the defendants removed the action to federal court (*Bodan* DE# 1, 12/14/17), and because the plaintiffs were improperly joined in that action and it was not filed as a collective action, the Court *sua sponte* severed eleven of the twelve plaintiffs, including Ovidiu Garbacea, and dismissed them without prejudice. Order (*Bodan* DE# 8, 12/27/18).  Shortly thereafter, the Court declined to exercise supplemental jurisdiction and *sua sponte* dismissed without prejudice the state law claims of breach of contract (Count III), accounting (Count IV) and unjust enrichment (Count V).  Order (*Bodan* DE# 17, 1/12/18).

[3]*Nancy Bodan, et al.  v. CG RYC, LLC, et al.*, Case No. 17-cv-24530-UU ("*Bodan*").

directed the plaintiff to "correct the deficiencies identified in the Order Granting the Defendants' motion to dismiss in *Bodan*" by March 23, 2018.  Order (DE# 20, 3/20/18).

      The plaintiff filed his Amended Complaint on March 23, 2018.  (DE# 21, 3/23/18).  On March 26, 2018, the Court *sua sponte* disqualified the plaintiff's counsel, Robert Zarco, Esq., Beshoy Rizk, and the law firm of Zarco Einhorn Sakowski & Brito, P.A. (the "Zarco Firm") because they were disqualified in the *Bodan* case. Order (DE# 22, 3/26/18).  As in *Bodan*, the Order required the plaintiff "to file a notice with the Court no later than **Thursday, March 29, 2018**, indicating whether he intends to proceed *pro se* or whether he will retain new counsel.  <u>Failure to comply with this Order will result in the immediate dismissal of this action.</u>"  <u>Id</u>. (emphasis in original).

      On March 30, 2018, the Court *sua sponte* dismissed without prejudice the plaintiff's Amended Complaint for failing to comply with the notice requirement and the deadline imposed in the Court's disqualification of counsel order (DE# 22, 3/26/18). Order (DE# 24, 3/30/18).  On April 3, 2018, the defendants filed the subject amended motion for sanctions, which is virtually identical to the amended motion for sanctions filed in the *Bodan* case.  (DE# 27, 4/3/18); <u>see</u> Defendants' Motion for Sanctions in *Bodan* (DE# 59, 4/2/18).  As in *Bodan*, the crux of the motion for sanctions in the present case is that the Zarco Firm should be sanctioned because based on its prior representation of Mr. Dupoux in the *Gutierrez* case the Zarco Firm knew that: 1) the plaintiff cannot recover the tip credit and the alleged misappropriated tips under the FLSA; and 2) the defendants' pay practices qualified for the 207(i) exemption to the FLSA. <u>Id</u>. at 1.

3

Despite the defendants' contention that the plaintiff is seeking only to recover "misappropriated" tips (Amended Motion at 10-11; DE# 27, 4/3/18), the initial and amended complaint sought relief for the defendants' failure to pay him minimum wage under the FLSA.[4]  In the Amended Complaint (DE# 21, 3/23/18), the plaintiff omitted the claim for violation of the FLSA's overtime compensation requirements and asserts a single count for violation of the FLSA, 29 U.S.C. § 201, *et seq.* (failure to pay minimum wage and improper retention of [tips]).

In the response, the Zarco Firm maintains that it filed the complaint in good faith, has not engaged in bad faith, and argues among other grounds that the amended motion for sanctions concerns issues of fact that are more properly adjudicated through a motion for summary judgment than a motion for sanctions. Response at 3, 6 (DE# 29, 4/19/18).  The amended motion for sanctions does not address the Amended Complaint.  See id. at 1, n.1. The Zarco Firm maintains that its arguments are the same regardless of whether the defendants are moving for sanctions based on the initial complaint or the amended complaint.  Id.

The defendants filed a reply that added that the Zarco Firm needlessly multiplied the proceedings when it filed eleven (11) separate cases on behalf of the plaintiffs that were severed from the *Bodan* action against the defendants rather than waiting for the results in this action.  Reply at 4 (DE# 31, 4/20/18).  The motion for sanctions is ripe for disposition.

---

[4]The initial complaint also included a separate count for overtime compensation under the FLSA, which was omitted from the Amended Complaint.

## ANALYSIS

### I.     Legal Standards regarding Sanctions

#### A.     Rule 11 Sanctions

In the Eleventh Circuit, sanctions are warranted under Rule 11 when a party files a pleading that: 1) has no reasonable factual basis; 2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to existing law; and 3) is filed for an improper purpose or in bad faith. Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998); United States v. Milam, 855 F.2d 739, 742 (11th Cir. 1998); Thomas v. Evans, 880 F.2d 1235, 1239 (11th Cir. 1989). Rule 11 sanctions are appropriate only where the movant can demonstrate that the non-movant's claims have no "reasonable factual basis." Baker, 158 F.3d at 524. Sanctions serve to "discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." United States v. Milam, 855 F.2d at 742. "A court confronted with a motion for Rule 11 sanctions must first determine whether the claims raised are objectively frivolous and, if they are, whether the signer of the pleadings should have been aware of their frivolous nature." Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996)). Under Rule 11, the objective standard for assessing a party's conduct is "reasonableness under the circumstances" and "what was reasonable to believe at the time the pleading was submitted." Baker, 158 F.3d at 524.

The purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers. Massengale v. Ray, 267 F.3d 1298,

1302 (11th Cir. 2001).  "[Rule 11] sanctions are reserved as *punishment* for those litigants who blatantly abuse the Court's resources – they will not be imposed lightly against every failing litigant."  Gelles v. Skrotsky, 15 F. Supp. 2d 1293, 1297 (M.D. Fla. 1998)(denying motion for sanctions regarding dismissed action).

**B.    28 U.S.C. § 1927**

Pursuant to Section 1927 of Title 28 of the United States Code,

> Any attorney or other person admitted to conduct cases in any court of the United States ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  Because Section 1927 is penal in nature, the court must strictly construe the statute.  Norelus v. Denny's Inc., 628 F.3d 1270, 1281 (11th Cir. 2010). Three requirements must be satisfied to impose sanctions under the statute: "(1) an attorney must engage in 'unreasonable and vexatious' conduct; (2) such 'unreasonable and vexatious' conduct must 'multipl[y] the proceedings; and (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct."  Id. (quoting McMahan v. Toto, 256 F.3d 1120,1128 (11th Cir. 2001)).  "An attorney multiplies the proceedings unreasonably and vexatiously only when his conduct is 'so egregious that it is "tantamount" to bad faith.'" Smith v. Psychiatric Solutions, Inc., 864 F. Supp. 2d 1241, 1268 (N.D. Fla. 2012) (quoting Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1239 (11th Cir. 2007)).  "Bad faith is an objective standard which turns 'not on the attorney's subjective intent, but on the attorney's objective conduct.'" Id.

6

'The term 'unreasonably' necessarily connotes that the district court must compare the attorney's conduct against the conduct of a 'reasonable' attorney and make a judgment about whether the conduct was acceptable according to some objective conduct.  The term 'vexatiously' similarly requires an evaluation of the attorney's objective conduct.'

Id. (quoting Amlong, 500 F.3d at 1239-40).  "Neither negligent conduct, standing alone, nor lack of merit will support a finding of bad faith."  Id. (citing Amlong, 500 F.3d at 1241-42).  Under Section 1927, the "'attorney must knowingly or recklessly pursue a frivolous claim....'"  Id.  "Recklessness is 'a gross deviation from conduct that might be reasonable in the circumstances.'"  Id. (quoting Schwartz v. Million Air, Inc., 341 F.3d 1220, 1227 (11th Cir. 2003)).  "'[O]bjectively reckless conduct is enough to warrant sanctions even if the attorney does not act knowingly and malevolently."  Id. (quoting Amlong, 500 F.3d at 1241).

**C.   Inherent Power**

The district court "has inherent power to control the proceedings before it." Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1545 (11th Cir. 1993).  "'[D]eeply rooted in the common law tradition is the power of any court to "manage its affairs [which] necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it."'"  Id. (quoting Carlucci v. Piper Aircraft Corp., 775 F.2d 1440, 1447 (11th Cir. 1985) (citation omitted)).  Courts also have the power to sanction a party or attorney who "'shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.'"  Id. (quoting Hutto v. Finney, 437 U.S. 678, 689 n.14 (1978)).  "Bad faith exists when the court finds that a fraud has been practiced upon it, or 'that the very temple of justice has been defiled,' or where a party or attorney knowingly or recklessly raises a frivolous

7

argument, delays or disrupts the litigation, or hampers the enforcement of a court order." Allapattah v. Servs., Inc. v. Exxon Corp., 372 F. Supp. 2d 1344, 1373 (S.D. Fla. 2005) (quoting Chambers v. NASCO, Inc., 111 S. Ct. 2123, 2133 (1991); Malautea, 987 F.2d 1536, 1545-46) (other citation omitted). "Because of their very potency, inherent powers must be exercised with restraint and discretion." Chambers, 111 S. Ct. at 2133. "[W]hen there is bad-faith conduct in the course of the litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power." Id. at 2136.

**II.    Sanctions Are Not Warranted**

The defendants seek sanctions against the plaintiff's disqualified counsel, the Zarco Firm, for the filing of this allegedly frivolous lawsuit on behalf of a former River Yacht Club employee on the following grounds: 1) the Zarco Firm has expertise involving the FLSA and the 207(i) exemption because they formerly represented one of the defendants in an unrelated case; 2) the Zarco Firm was put on notice of the claimed exemption when the defendants filed the Certification of Sami Kohen and because the phrase "service charge" appeared on the plaintiff's paystub; 3) recovery of tips is not available under the FLSA; and 4) the pursuit of the lawsuit is vexatious because Robert Zarco, Esq., has an ownership interest in a Miami restaurant, Seaspice, which was a direct competitor of the former River Yacht Club restaurant.

The defendants argue that the Zarco Firm successfully defended one of the defendants, Mr. Dupoux, in an unrelated FLSA case involving an alleged "tip pool" which was actually a service charge and the utilization of a 207(i) exemption for paying front of the house employees. See *Jorge Gutierrez v Seasalt and Pepper, LLC, et al.,*

Case No. 14-cv-22852-UU ("*Gutierrez*"). The defendants contend that the plaintiff was not hired as a tipped employee as he alleges, but was hired as a commissioned sales employee who was compensated pursuant to 29 U.S.C. § 207(i), as were all of the Front of the House Staff.  See Amended Motion at 6 (DE# 27, 4/3/18) (citing Kohen Certification).

The defendants argue further that the relief sought (i.e. the full amount of tips) by the plaintiff is not available under the FLSA.  Relying on the same arguments that they raised in their motion to dismiss complaint (DE# 19, pp. 7-10), the defendants maintain that the plaintiff has failed to properly plead or allege any federal law(s) or causes of action that would allow him to recover the "tips" that he alleged were misappropriated.

Finally, the defendants surmise that Roberto Zarco, Esq.'s ownership interest in the defendants' former direct competitor, Seaspice restaurant, reveals his true motivation as a "transparent, vexatious and bad faith attempt to harass River Yacht Club and divert its limited resources to this litigation and the other pending eleven (11) lawsuits."  Amended Motion at 11-12 (DE# 27, 4/3/18). In their reply, the defendants argue that the Zarco Firm needlessly multiplied the proceedings when it filed eleven lawsuits for the eleven plaintiffs that were severed and dismissed from this lawsuit. Reply at 4 (DE# 31, 4/20/18).

The Zarco Firm argues that defendants' amended motion for sanctions should be denied because: 1) Rule 11 is an extraordinary remedy that requires the movant to show the claims were without any reasonable factual basis; 2) sanctions pursuant to 28 U.S.C. § 1927 require the movant to prove that plaintiff's counsel engaged in "unreasonable and vexatious" conduct that multiplied the proceedings; 3) the Zarco

Firm filed the complaint in good faith and did not engage in bad faith; 4) representation

of Mr. Dupoux in an entirely unrelated litigation does not provide grounds for sanctions;

5) a Rule 11 motion is not an avenue to seek judgment on the merits of the case; 6)

Robert Zarco's ownership interest in Seaspice restaurant is not grounds for sanctions;

and 7) the motion for sanctions is premature.[5]  Response at 4-7 (DE# 29, 4/19/18).

### A.    The Defendants Have Not Shown that the Lawsuit Is Frivolous

As the Court explained in its Order in *Bodan* (17-cv-24530-UU, DE# 53, 3/20/18),

the crux of the defendants' motion for sanctions is that the plaintiff's claims are frivolous

because the "[D]efendants have provided the Zarco Firm with evidence proving that

their operation of the tip pool falls squarely within [the 29 U.S.C. § 207(i)] exception[6] to

[the] FLSA," which is "the same as the tip-pool issue in *Gutierez* [sic], [a case in which

the Zarco Firm] advised the defendants there how to create that tip pool."  See Order

(DE# 20, 3/20/18) (granting motion to dismiss Complaint "for the same reasons" as in

*Bodan* because "the Complaint in this action includes the same allegations as the

complaint in *Bodan*"). Additionally, the defendants' contend that the Zarco Firm's failure

to address the issue that the recovery of tips is not available under the FLSA in its

---

[5]Although the Court *sua sponte* dismissed this action without prejudice for the plaintiff's failure to comply with the Court's Order that required the plaintiff to notify the Court by March 29, 2018 of the plaintiff's intent to proceed *pro se* or with new counsel, the undersigned agrees with the defendants that the motion for sanctions is not premature in light of the dismissal and closing of the case. See Reply at 7 (DE# 31, 4/20/18); see also Order (DE# 24, 3/30/18).

[6]Section 207(i) provides an exception from liability if "(1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable ... and (2) more than half of his compensation for a representative period (not less than one month) represents commissions on goods or services." 29 U.S.C. § 207(i).

response bolsters the defendants' contention that the entire action is frivolous.  See
Reply at 4 (DE# 31, 4/20/18).

In the response, the Zarco Firm maintains that it filed the complaint in good faith
and has not engaged in bad faith.  The Zarco Firm states that the complaint was not
filed for any purpose other than: (i) to pursue claims of violation of the Fair Labor
Standards Act for the defendants' failure to pay the plaintiff minimum wage; (ii) to
pursue claims for breach of contract and unjust enrichment for defendants' unlawful
retention of plaintiff's tips; and (iii) obtain an accounting because all of the plaintiff's
employment records are in the possession of the defendants and the defendants
ignored the plaintiff's pre-suit demand letter requesting all documentation from
defendants of plaintiff's employment by River Yacht Club.  Response at 3, 6 n.5 (DE#
29, 4/19/18).  The Amended Complaint contains a single count for violating the FLSA
as to minimum wages.  See Amended Complaint (DE# 21, 3/23/18).

The Zarco Firm argues further that Rule 11 motions "should not be employed ...
to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are
available for those purposes.  Nor should Rule 11 motions be prepared to emphasize
the merits of a party's position...." Response at 6 (DE# 29, 4/19/18) (quoting Fed. R.
Civ. P. 11 Advisory Committee Notes (1993 Amendment)).  The undersigned agrees.

The defendants rely on Eisenberg Development Corp. v. City of Miami Beach, 95
F. Supp. 3d 1376 (S.D. Fla. 2015) and Worldwide Primates, Inc. v. McGreal, 87 F.3d
1252, 1254 (11th Cir. 1996).  Although the decisions address the legal standards for
imposition of sanctions, both decisions are factually distinguishable from the present
action.

11

In Eisenberg Development, the district court determined that all of the claims that the owner and operator of an unlawful, sprinklerless hotel against the city were groundless, frivolous and brought in bad faith.  The unsuccessful claims included an equal protection claim which lacked merit because the plaintiff failed to identify comparators as required by established Eleventh Circuit precedent.  Discovery proved the allegations of the plaintiff's first amendment retaliation claim to be false.  Similarly, the due process claims were based on false allegations.  The court found the state-law claims to be patently frivolous based on the statutory text and dismissed those claims. The court also dismissed the declaratory judgment request finding that it was a remedy, not a separate cause of action.  The Eisenberg Development court entered judgment on the pleadings before trial and held that sanctions were proper under Rule 11, 28 U.S.C. § 1927, and the Court's inherent power.

Worldwide Primates is also distinguishable.  In Worldwide Primates, the defendant showed that the plaintiff's counsel failed to conduct any investigation into the allegations of tortious interference by his client and long-time friend.  In an underlying decision in Worldwide Primates, the court found that the tortious interference claim was objectively frivolous because the attachments to the purported tortious letters provided factual bases for the information conveyed in the letters and the plaintiff did not sustain damages resulting from the alleged tortious interference.  The Worldwide Primates court found that had the plaintiff's counsel "made [a] reasonable inquiry [into the facts on which the claim was predicated,] he would have discovered that Worldwide's tortious interference claim was frivolous." Worldwide Primates, 87 F.3d at 1254.

Unlike Eisenberg Development and Worldwide Primates, the state law claims in

12

this action were dismissed without prejudice *sua sponte* on the ground that the Court did not wish to exercise supplemental jurisdiction.  Ultimately, the present action was dismissed without prejudice *sua sponte* for the plaintiff's failure to comply with a Court-imposed deadline to notify the Court of whether the plaintiff intended to proceed *pro se* or retain new counsel after the Court disqualified the Zarco Firm. The plaintiff's claims were not dismissed on the merits and the Court did not make any finding that the claims were objectively frivolous as in Eisenberg Development and Worldwide Primates.

In the subject amended motion for sanctions, the defendants rely heavily on the grounds raised in their motion to dismiss the initial complaint. Compare Amended Motion for Sanctions (DE# 27, 4/3/18) with Motion to Dismiss (DE# 19, 3/16/18). Additionally, the defendants rely on the Certification of Sami Kohen ("Kohen Certification") (DE# 19-1,3/16/18) that was filed in support of the defendants' motion to dismiss.  At the time the Court dismissed the case after the Amended Complaint was filed, no motion to dismiss was pending and no motion to dismiss the Amended Complaint was ever filed.

The Zarco Firm contends that the defendants' amended motion for sanctions is essentially seeking a ruling on their motion to dismiss.[7]  Response at 5 (DE# 29,

---

[7]Eight (8) of the fourteen (14) paragraphs in Section B of the Defendants' Amended Motion for Sanctions are substantially similar to paragraphs in the defendants' motion to dismiss.  Response at 5 (DE# 29, 4/19/18)(identifying Paragraphs 17-22, and 23-24 of the sanctions motion). Eight (8) of the ten (10) paragraphs in Section C of the sanctions motions  are substantially the same as the defendants' motion to dismiss.  Id. (citing Suntrust Bank v. Ruiz, No. 14-21107-CIV, 2014 WL 5321094, at *2 (S.D. Fla. Oct. 17, 2014) (holding that "[t]he fact that this Motion for Sanctions is so similar to the motion to dismiss pending before the District Court is problematic.").

4/19/18); <u>FCOA, LLC v. Foremost Title & Escrow Servs., LLC</u>, Case No. 17-CIV-23971, 2018 WL 6224497, at *2, 3 (S.D. Fla. Jan. 30, 2018) (denying a motion for sanctions where the court found that the defendant's motion for sanctions was an "improper attempt to convert a disagreement over the factual allegations and legal arguments in Plaintiff's complaint into a sanctions dispute"); <u>see also</u> <u>Bidford v. BESM, Inc.</u>, Case No. 12-61215-CIV-Williams/Seltzer, 2012 WL 624497, at *2 (S.D. Fla. Oct. 12, 2012) (explaining that Rule 11 is an extraordinary remedy that "should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trail on the merits") (quoting <u>In re New Motor Vehicles Canadian Export Antitrust Litigation</u>, 244 F.R.D. 70, 74 (D. Me. 2007)).

Relying on the Kohen Certification (DE# 27-6;19-1), the defendants contend that the Zarco Firm should be sanctioned because the plaintiff's paystubs indicate that the paycheck was attributable to "Service Charges." Amended Motion at 6 (DE# 27, 4/3/18).  The Zarco Firm argues that the defendants' characterization of a charge to a patron or payment to an employee as a "service charge" does not mean that the charge meets the definition of a service charge under the FLSA.  Response at 6 (DE# 29, 4/19/18) (citing <u>Cachola-Bonilla v. Wyndam el Conquistador Resort & Country Club</u>, 577 F. Supp. 2d 566, 574 (D. P.R. 2008) (granting in part and denying in part the defendant's motion for summary judgment and explaining that "whether the charge made to customers was a tip, not subject to the defendant's retention, or constituted a 'service charge' and in reality not a 'tip', can not be disposed by the court on brevis disposition fashion as there are clearly issues of material facts in dispute")).  The

14

undersigned finds that the allegations of minimum wage violations under the FLSA in the subject case present fact questions as to whether the tip pool was valid and whether the plaintiff was properly paid under the FLSA.

In the present case, the defendants failed to satisfy the burden of establishing that the plaintiff's claims for violations of the FLSA regarding minimum wage and overtime compensation are objectively frivolous and that the Zarco Firm knew or should have known at the time they presented the plaintiff's claims.  Because the defendants cannot show that the plaintiff's claim for violation of minimum wage under the FLSA in both iterations of the complaint and the plaintiff's claim for violation of overtime compensation under the FLSA in the initial complaint are objectively frivolous, the Court should deny the defendants' motion for sanctions under Rule 11.

**B.      No Bad Faith and No Multiplication of the Proceedings**

The defendants must satisfy three requirements to impose sanctions against the Zarco Firm pursuant to 28 U.S.C. 1927: first, "the attorney must engage in 'unreasonable and vexatious conduct;'" second, that conduct "must be the conduct that 'multiplies the proceedings;'" and third, the "dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.,* the sanction may not exceed the 'costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'" Peterson v. BMI Refractories, 124 F.3d 1386, 1397 (11th Cir. 1997).

The defendants rely on the Zarco Firm's expertise regarding the 207(i) exemption under the FLSA in a prior successful representation of Mr. Dupoux in unrelated litigation (*Gutierrez*) and that Robert Zarco, Esq.'s ownership interest in the

defendant restaurant's former direct competitor, Seaspice, to evidence bad faith and warrant sanctions against the Zarco Firm.  Neither ground establishes bad faith.

The paperless Order ruled that the plaintiff's "contention that the tip pool is invalid because a portion was retained by the employer is wrong as a matter of law" and cited 29 C.F.R. § 531.52.  <u>See</u> Order in *Bodan*, Case No. 17-cv-24530-UU (DE# 48, 3/2/18); <u>cf.</u> <u>Malivuk v. Ameripark, LLC</u>, 694 F. App'x 705, 708 (11th Cir. 2017) (affirming dismissal of claim alleging employer's violation of FLSA based on employer's alleged pocketing of tips where the plaintiff "[did] not assert that she received less than minimum wage before tips or that she was under-compensated for overtime work").  Unlike <u>Malivuk</u>, in the present case, both iterations of the plaintiff's complaint included allegations that the plaintiff was not paid minimum wage because he was forced to participate in an invalid tip pool that <u>included employees who do not customarily and regularly receive tips</u>.  <u>See</u> Amended Complaint ¶¶ 19-20, 22, 48-49 (DE# 21, 3/23/18) ("...the Defendants owe the Plaintiff the full minimum wage for each hour worked up to 40 hours in a week."); <u>see</u> <u>also</u> Complaint ¶ 27, 45, 65 (DE# 1-1, 1/11/18) (alleging that tips were distributed to "non-tipped" employees).

The dismissal Order in *Bodan* that allowed the filing of the Amended Complaint in the present action explained further that: "the ... complaint is unclear with respect to whether the employer relied on the tip credit throughout the entirety of Plaintiff's employment and whether Plaintiff is complaining that apart from the alleged invalidity of the tip pool, that she is owed wages" and allowed the plaintiff to file an amended complaint, which he did when he filed the subject Amended Complaint. <u>See</u> Order (DE# 20, 3/20/18)(dismissing the complaint for the same reasons as in *Bodan* (DE# 48,

16

3/2/18)).  The plaintiff revised the allegations in his Amended Complaint to clarify his claim for minimum wage violations under the FLSA that the Court's Order of dismissal in *Bodan* identified.  At the time of the final dismissal without prejudice, no motion to dismiss on the merits was pending in the present action.

Without citing any precedent or authority, the defendants argue in their reply that the Zarco Firm improperly multiplied the proceedings when it failed to wait for the outcome in the *Bodan* case before it filed the subject case and ten other separate lawsuits for the plaintiffs who were *sua sponte* dismissed and severed from the *Bodan* action.  The filing of the separate lawsuits as a result of this Court's Order is not sanctionable conduct. See, e.g. Peterson v. BMI Refractories, 124 F.3d 1386, 1397 (11th Cir. 1997) (reversing an award of sanctions where additional litigation resulted from a variety of issues including procedural matters).

Sanctions are imposed to deter and punish. The defendants have failed to show that the Zarco Firm's prosecution of the plaintiff's federal claims based on allegations of violations of minimum wage and overtime compensation under the FLSA was conducted in bad faith to meet the high standard for imposition of sanctions. See Amlong, 500 F.3d at 1242 ("[A]n attorney's conduct must be particularly egregious to warrant the imposition of sanctions–the attorney must *knowingly* or *recklessly* pursue a frivolous claim..."). Accordingly, the undersigned recommends that the Court deny the defendants' motion for sanctions pursuant to 28 U.S.C. § 1927.

**C.**     **Sanctions Not Warranted under Court's Inherent Power**

"Because of their very potency, inherent powers must be exercised with restraint

17

and discretion." Chambers v. NASCO, Inc., 111 S. Ct. 2123, 2133 (1991). The defendants have not shown the Zarco Firm knowingly or recklessly raised a frivolous argument or any other basis for sanctions under the Court's inherent power. Accordingly, the undersigned recommends that the Court deny the defendants' motion for sanctions under this Court's inherent power.

## II.   No Evidentiary Hearing Is Warranted

The Defendants request a hearing and an evidentiary hearing on their amended motion for sanctions. (DE# 32, 4/20/18) "Rule 11 does not require that a hearing separate from trial or other pretrial hearings be held on Rule 11 charges before sanctions case be imposed; indeed the Advisory Committee Note indicates that the contrary is preferable." Donaldson v. Clark, 819 F.2d 1551,1560 (11th Cir. 1987). The undersigned finds that no hearing is required and recommends that the defendants' request for an evidentiary hearing on their motion (DE# 32, 4/20/18) be denied.

## CONCLUSION

The plaintiff's claims for violations of the minimum wage and overtime provisions under the FLSA were not objectively frivolous and do not warrant imposition of sanctions under Rule 11, 28 U.S.C. 1927 or this Court's inherent power.

## RECOMMENDATION

In accordance with the foregoing, the undersigned respectfully recommends that the Defendants' Amended Motion for Sanctions (DE# 27, 4/3/18) and the defendants' request for a hearing or evidentiary hearing (DE# 32, 4/20/18) be **DENIED**.

The parties will have fourteen (14) days from the date of being served with a

copy of this Report and Recommendation within which to file written objections, if any,

with the Honorable Ursula Ungaro, United States District Judge. Failure to file

objections timely shall bar the parties from a *de novo* determination by the District

Judge of an issue covered in the Report and shall bar the parties from attacking on

appeal unobjected-to factual and legal conclusions contained in this Report except

upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. §

636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,

794 (1989); 11th Cir. R. 3-1 (2016).

      RESPECTFULLY SUBMITTED in Chambers, at the United States Courthouse,

Miami, Florida this 30th day of August, 2018.


_____

JOHN J. O'SULLIVAN

UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Ungaro
All counsel of record